**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANTONIO MARTIN,<br><br>Plaintiff,<br><br>vs.<br><br>METEM-A GE POWER BUSINESS; GENERAL ELECTRIC COMPANY; GE VERNOVA, INC.; and JOHN DOES 1-5 AND 6-10,<br><br>Defendants. | CIVIL ACTION NO.:<br><br>2:24-cv-05648-SRC-AME<br><br>**Electronically filed**<br><br>**AMENDED COMPLAINT AND JURY DEMAND** |

Plaintiff, Antonio Martin ("Plaintiff"), by way of Complaint against the Defendants, says:

## Preliminary Statement

Plaintiff herein alleges violations of the New Jersey Conscientious Employee Protection Act (“CEPA”) N.J.S.A 34: 19-1 *et seq.* including that Plaintiff was wrongfully terminated in retaliation for objecting to unlawful conduct and/or conduct that violates public policy. In the alternative, Plaintiff alleges, common law wrongful discharge in violation of public policy pursuant to the doctrine set forth in *Pierce v. Ortho Pharmaceutical Corp.*

## Reasons for Amendment

This Complaint is amended pre-answer as to the identification of parties based upon new information regarding the Defendant entities put forth in Defendants’ Notice of Removal.

**Jurisdiction and Venue**

1. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. Sec. 1332 as the "diversity" and "amount in controversy" requirements of 28 U.S.C. Sec. 1332(a) have been met.

2. Venue is proper within this district pursuant to 28 U.S.C. Sec. 1391 because a substantial part of the events giving rise to the claim occurred in this judicial district.

**Identification of Parties**

3. Plaintiff Antonio Martin is, at all relevant times herein, a resident of the State of New Jersey and a former employee of the Defendants within the meaning of CEPA and/or the Pierce doctrine.

4. Defendant Metem-A GE Power Business ("Metem") is, at all relevant times herein, a corporation operating within the State of New Jersey with a business address located at 700 Parsippany Road, Parsippany-Troy Hills, New Jersey 08054 and, is the former the employer of Plaintiff within the meaning of CEPA and/or the Pierce doctrine.

5. Defendant General Electric Company ("GE") is, at all relevant times herein, a corporation operating within the State of New Jersey with a registered agent located at 820 Bear Tavern Road, West Trenton, New Jersey 08628 and, is the former the employer of Plaintiff within the meaning of CEPA and/or the Pierce doctrine.

6. Defendant GE Vernova, Inc. is, at all relevant times herein, an entity conducting business at 700 Parsippany Road, Parsippany-Troy Hills, New Jersey 07054, and is the former employer of Plaintiff within the meaning of CEPA and/or the *Pierce* doctrine.

7. Defendants are joint and/or dual and/or special employers of the Plaintiff.

8. Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the Plaintiff in this matter.

**General Allegations**

9. Plaintiff began working for Defendants on or about September 14, 2021 until his unlawful termination on or about September 19, 2023.

10. Plaintiff was employed as a maintenance tech/mechanic at the facility located at 700 Parsippany Road, Parsippany-Troy Hills, New Jersey 08054.

11. At all relevant times herein, Plaintiff performed up to and beyond Defendants' reasonable expectations.

12. In or around August 2023, Plaintiff began working with a new machine at this facility, an electrochemical machine (ECM).

13. A hoist was required to load the necessary parts into this machine.

14. During this process, Plaintiff observed that the beam being utilized for the hoist was bouncing and not evenly supported.

15. Plaintiff also observed cracks in the welding of this beam.

16. As a result, Plaintiff made an all stop due to his concern about the safety of continuing to use the hoist given the condition of the beam.

17. Plaintiff then reported his safety concerns about the beam and hoist to Mark Shuable, the head of maintenance.

18. Plaintiff reasonably believed that the improperly supported and cracked beam made it unsafe to utilize the hoist in violation of laws, regulations and/or public policy.

19. The Occupational Safety and Health Administration (OSHA) established regulations for the safe use and operation of beams and hoists under OSHA 1926.756 (OSHA 1910.197, and OSHA 1926.554).

20. Thus, in making such complaint regarding his safety concern regarding the beam and hoist, Plaintiff engaged in CEPA-protected activity.

21. About two weeks after this incident, in September 2023, Plaintiff observed a co-worker standing under the beam/hoist area.

22. Due to his safety concerns, Plaintiff advised this employee to not stand under this area.

23. Plaintiff then advised the operations leader, Hamlet Hamirez, of these same safety concerns.

24. Plaintiff's concerns were then brought to the attention of Shuable for a second time.

25. Thus, Plaintiff further engaged in conduct that is protected under CEPA.

26. However, Shuable responded by yelling at Plaintiff for again highlighting these safety concerns.

27. Thereafter, on or about September 19, 2023, Defendants terminated Plaintiff.

28. Plaintiff was thereby unlawfully terminated by Defendants in retaliation for objecting to conduct which he reasonably believed to be unlawful and/or against public policy.

29. Plaintiff's unlawful termination was in violation of CEPA or, in the alternative, in violation of the public policy pursuant to the doctrine set forth in *Pierce.*

30. A determinative and/or motivating factor in Defendants' aforementioned adverse employment action against Plaintiff was Plaintiff's CEPA protected conduct and/or conduct which was protected under the clear mandates of public policy pursuant to *Pierce.*

31. Any other stated reason for Defendants' adverse employment action is merely pretext for unlawful retaliation.

32. Even assuming that any legitimate, non-retaliatory reason existed for the Defendants' adverse employment action, a "mixed motive" analysis would apply because the adverse employment action would not have occurred but for the existence of the unlawful retaliatory motive.

33. As a result of Defendants unlawful conduct, Plaintiff has suffered both economic and emotional harm.

34. Because the retaliation set forth above was especially egregious and participated in and/or willfully ignored by one or more members of upper management, punitive damages are warranted.

## COUNT I

## CEPA

35. Plaintiff hereby repeats and re-alleges paragraphs 1 through 34, as though fully set forth herein.

36. For the reasons set forth above, the Defendants unlawfully retaliated against Plaintiff in violation of CEPA.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with economic and non-economic compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

**COUNT II**

**Common Law Wrongful Discharge Pursuant to *Pierce v. Ortho Pharmaceutical Corp.***
**(in alternative to Count I)**

37. Plaintiff hereby repeats and re-alleges paragraphs 1 through 36, as though fully set forth herein.

38. At the close of Plaintiff's case at trial, if the CEPA count remains viable, Plaintiff will elect CEPA, but will elect the *Pierce v. Ortho Pharmaceutical Corp*. theory embodied in this count in the event the CEPA count is no longer available.

39. New Jersey public policy is clear that individuals who object to their employers violating law, a rule or regulation promulgated by the law, or to the instructions of their employers that the individual takes acts which are incompatible with the clear mandates of public policy, must not be retaliated against for having done so.

40. Because the Defendants retaliated against Plaintiff for having engaged in such protected conduct, his claim is cognizable under the common law doctrine of wrongful discharge pursuant to *Pierce v. Ortho Pharmaceutical Corp.*

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with economic and non-economic compensatory damages, punitive damages, interest, cost of suit, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT III

## Request for Equitable Relief

41. Plaintiff hereby repeats and re-alleges paragraphs 1 through 40, as though fully set forth herein.

42. Plaintiff requests the following equitable remedies and relief in this matter.

43. Plaintiff requests a declaration by this Court that the practices contested herein violate New Jersey law as set forth herein.

44. Plaintiff requests that this Court order the Defendants to cease and desist all conduct inconsistent with the claims made herein going forward, both as to the specific Plaintiff and as to all other individuals similarly situated.

45. To the extent that Plaintiff was separated from employment and to the extent that the separation is contested herein, Plaintiff requests equitable reinstatement, with equitable back pay and front pay.

46. Plaintiff requests, that in the event that equitable reinstatement and/or equitable back pay and equitable front pay is ordered to the Plaintiff, that all lost wages, benefits, fringe benefits and other remuneration is also equitably restored to the Plaintiff.

47. Plaintiff requests that the Court equitably order the Defendants to pay costs and attorneys' fees along with statutory and required enhancements to said attorneys' fees.

48. Plaintiff requests that the Court order the Defendants to alter their files so as to expunge any reference to which the Court finds violates the statutes implicated herein.

49. Plaintiff requests that the Court do such other equity as is reasonable, appropriate and just.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

Respectfully submitted,

**COSTELLO, MAINS & SILVERMAN, LLC**

By: **/s/ Carly D. May**

Carly D. May
Attorney I.D. No. 378502021
18000 Horizon Way, Suite 800
Mt. Laurel, New Jersey 08054
(856) 727-9700
cmay@costellomains.com
*Attorneys for Plaintiff*

Dated: May 15, 2024

**DEMAND FOR A TRIAL BY JURY**

Plaintiff, by and through his above-signed counsel, hereby demands, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, a trial by jury on all Counts in the above-captioned action.

**COSTELLO, MAINS & SILVERMAN, LLC**

By: **/s/ Carly D. May**

Carly D. May

**DESIGNATION OF TRIAL COUNSEL**

Carly D. May, Esquire, of the law firm of Costello, Mains & Silverman, LLC, is hereby-designated trial counsel.

**COSTELLO, MAINS & SILVERMAN, LLC**

By: **/s/ Carly D. May**
Carly D. May

**DEMAND TO PRESERVE EVIDENCE**

1. All Defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's cause of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

2. Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

**COSTELLO, MAINS & SILVERMAN, LLC**

By: **/s/ Carly D. May**
Carly D. May